# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

SHANNON WOODS,
    Plaintiff

Case No. 1:09-cv-159

vs

STEVEN TIMBERLAKE, et al.,
    Defendants

**ORDER**
(Spiegel, J.)

Plaintiff, a resident of Portsmouth, Ohio, brings this action pro se against the Portsmouth Police Department and Officer Steve Timberlake. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune

from such relief. 28 U.S.C. § 1915 (e)(2)(B)(ii-iii). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 517 (1984)). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

Plaintiff's complaint alleges the following facts:

> Officer Timberlake, on or about Feb. 10, 09, entered my mother's residence without a warrant to search and took cell phones against will and without due cause, abused his authority and acted under color of state law.

(Complaint at 5). Plaintiff seeks $2 million in damages.

As an initial matter, the Court notes that the caption of the complaint lists both Shannon Woods and Judy L. Pope as the plaintiffs in this matter. However, the complaint is signed only by Ms. Woods. Ms. Woods is not a lawyer and may not represent the other individual plaintiff in this matter. *See Powerserve International, Inc. v. Lavi,* 239 F.3d 508, 514 (2d Cir. 2001); *Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830-31 (7th Cir. 1986); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982). *See also Smith v. Dukes*, 21 Fed. Appx. 344, 2001 W.L. 1177855 (6th Cir. 2001); *Harrison v. Seay*, 856 F. Supp. 1275, 1279 (W.D. Tenn. 1994). By law, an individual may

appear in federal court only pro se or through legal counsel. 28 U.S.C. § 1654. In addition, Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." Fed. R. Civ. P. 11(a). Pleadings not signed on behalf of a party or licensed attorney are subject to dismissal. *See, e.g., Keyway Leasing Trust v. U.S.*, 1999 WL 810386, *2 (W.D. Mich. 1999); *Lawton v. Medevac Mid-America, Inc.*, 138 F.R.D. 586, 588 (D. Kan. 1991). Ms. Pope has not signed the complaint, nor has she paid the filing fee or submitted an application to proceed *in forma pauperis*. Therefore, the complaint is construed as being brought solely by Ms. Woods.

In this case, plaintiff has failed to assert any claim with an arguable basis in fact or law, or alternatively, has failed to state a claim upon which relief may be granted in this federal court. "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978). To bring a § 1983 claim alleging a violation of her rights under the Fourth Amendment, Ms. Woods must: (1) allege facts showing she had a legitimate expectation of privacy in her mother's home, and (2) allege an injury in fact. *See id.* at 139-40; *Eiland v. Jackson*, 34 Fed. Appx. 40, 42 (3d Cir. 2002). *See also Minnesota v. Carter*, 525 U.S. 83, 91 (1998) (holding that respondent lacked standing to bring Fourth Amendment challenge based on police search of another person's home because respondent had no expectation of privacy therein). To have standing to bring this action, Ms. Woods "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984).

Ms. Woods fails to allege any facts whatsoever showing that she had a reasonable

expectation of privacy in her mother's home or personally suffered any injury as a consequence of Officer Timberlake's actions. Nor has she alleged any facts indicating the Portsmouth Police Department has somehow violated her rights. To the extent Ms. Woods may be claiming that defendants violated the rights of her mother by their actions, she lacks standing to raise the claims of other persons. *See Senter v. General Motors Corp.*, 532 F.2d 511, 516-17 (6th Cir.), *cert. denied*, 429 U.S. 870 (1976); *United States v. Van*, 931 F.2d. 384 (6th Cir. 1991). *See also Allen,* 468 U.S. at 751 ("[s]tanding . . . embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights. . . .").

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal on the ground that plaintiff lacks standing or, in the alternative, that the complaint fails to state a claim upon which relief may be granted. The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff, a non-prisoner, remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: <u>March 20, 2009</u>        s/S. Arthur Spiegel
                                   S. Arthur Spiegel, Senior Judge
                                   United States District Court

4